# IN THE COURT OF APPEALS OF IOWA

No. 17-1181
Filed May 2, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GRABIEL GARCIA,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Boone County, Paul G. Crawford, District Associate Judge.

        Grabiel Garcia appeals his convictions of eluding and operating while intoxicated. **AFFIRMED.**

        Andrew J. Boettger of Hastings, Gartin & Boettger, L.L.P., Ames, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Grabiel Garcia pled guilty to eluding, in violation of Iowa Code section 321.279(3) (2017) and operating while intoxicated, second offense, in violation of Iowa Code section 321J.2. On appeal, he contends the district court failed to advise him of his right against self-incrimination. *See* Iowa R. Crim. P. 2.8(2)(b) (2017). Garcia claims this failure means his plea was not given knowingly, intelligently, and voluntarily. The State asserts Garcia has failed to preserve his claim for review and also does not raise the issue as an ineffective-assistance-of-counsel claim.

"A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a). Garcia did not file a motion in arrest of judgment. This failure is excused if the district court does not "inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." *See* Iowa R. Crim. P. 2.8(2)(d); *accord State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006). The failure to file a motion in arrest of judgment is also excused if the omission was based on counsel's ineffectiveness. *Straw*, 709 N.W.2d at 133. However, Garcia does not allege his trial counsel was ineffective on appeal.

The district court informed Garcia a motion in arrest of judgment was required to challenge any alleged defects, stating:

> If you decide that I've screwed up this plea for some legal reason, tell [trial counsel], and you can file what's called a motion in arrest of judgment. That's a way to try and say, whoa, the judge

messed up something here. I want to take back my plea, and I want to get back to the not guilty plea stage, and I want to go forward with a trial. You can do that, but you have to file that document, a motion in arrest of judgment.

You have to file it within a certain timeframe. It has to be filed within 45 days after today, but at the very latest it has to be filed at least 5 days before your sentencing date.

Because Garcia did not file a motion in arrest of judgment though he was informed of the requirement to do so, he has failed to preserve error. Also, Garcia does not assert his trial counsel was ineffective in failing to file the motion in arrest of judgment. We affirm Garcia's guilty pleas.

**AFFIRMED.**